IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAHAR JALLAD, | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : No. 16-4795 |
| FELIX MADERA and PROGRESSIVE INSURANCE, | : |
| Defendants. | : |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                **NOVEMBER 8, 2016**

Presently before this Court is the Motion for Remand filed by Plaintiff, Sahar Jallad ("Jallad"), the Response in Opposition filed by Defendant, Progressive Insurance ("Progressive"), and Jallad's Reply Brief. For the reasons set forth below, Jallad's Motion for Remand is denied.

**I.   BACKGROUND[1]**

On November 18, 2015, Jallad filed suit against Defendant, Felix Madera ("Madera") in the Court of Common Pleas of Philadelphia County. In that lawsuit, Jallad asserted a negligence claim against Madera related to a September 14, 2014 motor vehicle accident.

On May 4, 2016, Jallad filed a separate lawsuit against Progressive in the Court of Common Pleas of Philadelphia County. The complaint consisted of one untitled count, but a plain and fair reading reflects that Jallad alleged breach of contract for underinsured motorist benefits related to the September 14, 2014 motor vehicle accident, as well as an implied bad faith

---

[1] The Court uses Progressive's comprehensive factual section from its Response to Plaintiff's Motion for Remand to set forth the facts of this case.

count for attorneys' fees and other damages. Madera was not named in the May 4, 2016 lawsuit against Progressive. Progressive removed the May 4, 2016 lawsuit to this Court based on diversity jurisdiction and it was docketed at Case No. 2:16- cv-2384-RK.

Subsequently, Jallad filed a motion to join Madera to the May 4, 2016 lawsuit, and argued that remand of the action to the state court was proper because if the joinder was granted, complete diversity would not exist. Progressive opposed that motion arguing that it had a legal right to remove the case to this Court and that Jallad's negligence claim against Madera could not be joined with the bad faith claim against Progressive.

On July 13, 2016, this Court denied Jallad's Motion for Joinder and Remand noting: "We find that Progressive had a legal right to remove this lawsuit originally. Furthermore, Joinder and Remand are denied because Plaintiff's negligence claims against Mr. Madera may not be joined in the bad faith claim against Progressive." (Not. of Removal; Ex. F (July 13, 2016 Order)).

This Court further ordered that Jallad respond to Progressive's pending motion to dismiss by July 28, 2016. (Doc. No. 12.) Instead, she voluntarily dismissed the May 4, 2016 federal court action against Progressive on July 27, 2016. (Doc. No. 13.) Likewise, she discontinued the pending state court action against Madera on August 5, 2016. Jallad subsequently filed the instant Complaint against both Madera and Progressive, alleging virtually identical causes of action against the Defendants as in the previous lawsuits. Namely, the Complaint asserts a negligence claim against Madera and breach of contract and bad faith claims against Progressive.

Pursuant to 28 U.S.C. §1332, Progressive removed this matter to the United States District Court for the Eastern District of Pennsylvania on September 7, 2016, invoking our federal diversity jurisdiction arguing that Progressive (a citizen of Ohio with its principal place

of business in Ohio), and Jallad (a citizen of Massachusetts) are citizens of different states and the amount in controversy exceeds $75,000.[2]  (Not. of Removal ¶¶ 22-27.)  In its Notice of Removal, Progressive acknowledges that the Complaint alleges that Madera is a resident of Pennsylvania, but asserts that his citizenship should be disregarded because he was fraudulently joined to the lawsuit.  (Id. ¶¶ 28-37.)

## II.   STANDARD OF LAW

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[3]  28 U.S.C. § 1441.  A district court retains original jurisdiction over a civil action where the litigation involves citizens of different States, and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).

"Diversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court, pursuant to § 1332(a) of Title 28 of the United States Code, and thus a state court case that implicates diversity jurisdiction may generally be removed, . . . , provided that the defendant is not a citizen of the state in which the action is brought, 28 U.S.C. § 1441(b)(2)."  Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) (citing 28 U.S.C.

---

[2] Complete diversity exists in this matter.  Jallad was a Pennsylvania resident when she purchased her insurance policy and at the time of the accident.  (Not. of Removal at 4 n.1.)  At the time that she initiated this action, and at the time of removal, Jallad was and is a resident of Massachusetts.  (Id. ¶¶ 22-23.)  Progressive is an Ohio corporation with its principal place of business in Ohio.  (Id. ¶ 26.)  The Complaint alleges that Madera is a resident of Pennsylvania.  (Id. ¶ 28; Compl. ¶ 3.)

[3] 28 U.S.C. § 1441(b) states:

> **(b) Removal based on diversity of citizenship.--(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title *may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*.

28 U.S.C. § 1441(b)(2) (emphasis added).

3

§ 1332(a) (internal citations omitted). "Jurisdiction under § 1332(a) requires 'complete diversity,' meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" Id. (quoting Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003)). "Diversity of citizenship must have existed at the time the complaint was filed, . . . , and at the time of removal, . . . , and the burden is on the removing party to establish federal jurisdiction, . . . [b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." Id. (citations and internal citations omitted).

### III.    DISCUSSION

Since all of the requirements of 28 U.S.C. § 1332 are satisfied, there is no question that we have subject-matter jurisdiction. Jallad argues that remand is proper because "Progressive's removal here was procedurally defective, given co-defendant Madera's residence and citizenship within Philadelphia County, Pennsylvania." (Jallad's Br. in Support Mot. for Remand at 3.) Since Madera is a citizen of Pennsylvania, the forum state of this action, this matter would normally not be removable under the "forum defendant rule" in 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). "When federal-court jurisdiction is predicated on the parties' diversity of citizenship, see § 1332, removal is permissible 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought.'" Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83–84 (2005) (quoting 28 U.S.C. § 1441(b)); see also Bor. of W. Mifflin v. Lancaster, 45 F.3d 780, 785 (3d

4

Cir. 1995) ("Under [Section] 1441(b) diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court").  Thus, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."  Id. at 84; see also Swindell–Filiagg v. CSX Corp., 922 F. Supp. 2d 514, 517 (E.D. Pa. 2013) ("A removal is procedurally defective if, *inter alia*, it violates the 'forum defendant rule.'").  Progressive asserts that Madera was fraudulently joined for the purpose of blocking removal, and requests that his Pennsylvania citizenship be disregarded.

    **A.    Fraudulent Joinder**

"Fraudulent joinder serves as an exception to the typical requirements for removal of an action to federal court."  Moore v. Johnson & Johnson, 907 F. Supp. 2d 646, 662 (E.D. Pa. 2012).  "Under this doctrine, an action can be removed despite the existence of forum-state or non-diverse defendants if those parties were 'fraudulently' named as defendants with the sole purpose of defeating federal jurisdiction."  Id. (citing In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006)); see also Yellen v. Teledne Cont'l Motors, Inc., 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011) ("The fraudulent joinder line of cases distills to a simple principle: a court cannot permit a plaintiff to join a straw-man defendant solely to deprive removal-eligible defendants of a federal forum to which they are otherwise entitled."); Snider v. Sterling Airways, Inc., No. 12-3054, 2013 WL 159813, at *3 n.5 (E.D. Pa. Jan. 15, 2013) ("Although neither party has raised the issue, we are persuaded by Judge Dalzell's conclusion [in Yellen] that fraudulent joinder principles also apply to joinder for purposes of invoking the forum defendant rule.").

"A finding of fraudulent joinder permits the district court to disregard the citizenship of such non-diverse or forum defendants, assume jurisdiction over the action, dismiss any such

5

fraudulently joined defendants, and retain jurisdiction over the case." Moore, 907 F. Supp. 2d at 662 (citing Briscoe, 448 F.3d at 216). "Where joinder of a defendant was not fraudulent, the court must remand the action to state court for lack of jurisdiction." Id. (citing Briscoe, 448 F.3d at 216; 28 U.S.C. § 1447(c)).

"'[J]oinder is fraudulent if there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" Id. (quoting Briscoe, 448 F.3d at 216; Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)). "In a removed state court action where a forum defendant asserts fraudulent joinder, 'if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" Id. (quoting Briscoe, 448 F.3d at 217; Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)).

A defendant asserting fraudulent joinder bears a heavy burden of persuasion. Id. (quoting Batoff, 977 F.2d at 851). "The district court conducting a fraudulent joinder analysis must consider the complaint at the time the notice of removal was filed, accepting the factual allegations of the complaint as true and resolv[ing] any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Id. (quoting Batoff, 977 F.2d at 851–52) (quotation marks and citation omitted). Examination of a plaintiff's claims is less probing than on a motion to dismiss; however, a claim that survives fraudulent joinder scrutiny may ultimately be dismissed on a Rule 12(b)(6) motion. Id. (citing Batoff, 977 F.2d at 852). A district court conducting a fraudulent joinder analysis must ask only whether the plaintiff's claims are "wholly insubstantial and frivolous." Id. (quoting Batoff, 977 F.2d at 852).

### B. Analysis of Case

In support of its argument that Madera is fraudulently joined, Progressive argues that "Pennsylvania law is clear, and indeed this Court has already ruled, that issues of insurance bad faith cannot be joined with an action for tortfeasor negligence." (Progressive's Br. Opp'n Jallad's Mot. for Remand at 5.) (citing Stokes v. Moose Lodge, 466 A.2d 1341 (Pa. 1983) (issues of insurance coverage may not be joined with negligence action against alleged tortfeasor); Genesis Leasing Corp. v. Maryland Cas. Co., 490 A.2d 930, 931 (Pa. Super. Ct. 1985)).[4] According to Progressive, "[t]his Court should reject [Jallad's] attempt to avoid the proper exercise of jurisdiction by this Court, where Pennsylvania law is clear that the claims may not be joined and where dismissal of the two prior suits and immediate filing of this lawsuit is nothing more than a clear attempt to destroy diversity jurisdiction and shop for a more favorable forum in state court." (Id. at 7-8.)

In Stokes, the plaintiffs sued a property owner for injuries sustained in a fall. 466 A.2d at 1342. The property owner attempted to join the liability insurer claiming it breached an insurance policy by refusing to defend or indemnify the property owner, as well as the insurance agent who allegedly failed to renew the property owner's liability insurance policy. Id. The property owner sought to join the insurer and agent as additional defendants pursuant to Pennsylvania Rule of Civil Procedure 2252(a), which the Pennsylvania Supreme Court noted was amended "to allow joinder of causes of action other than that asserted by plaintiff against defendant provided that they arise out of the same transaction or occurrence or series thereof." Id. at 1343. The Stokes Court concluded that Rule 2252(a) does not permit a complaint alleging

---

[4] As a federal court sitting in diversity, we must apply state substantive law and federal procedural law. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). The relevant state law in this case is Pennsylvania. The parties rely on Pennsylvania law in their briefs, and there is no dispute that it applies to the claims in this action.

wrongful denial of coverage under a general policy of insurance to be joined in a liability action because the plaintiffs' tort claim against the defendant owner and the owner's wrongful denial of insurance coverage claims against the insurer and agent involved separate transactions or occurrences and distinct proof. Id. at 1345. Affirming the denial of the property owner's motion to join additional defendants, the Stokes Court held:

> The complaint against [the owner] was based on wife plaintiff's fall on [the owner's] premises. The complaint to join [the insurer] was based on [the insurer's] alleged obligation to insure and defend [the owner]. We find that this was a distinct transaction and that the complaints did not arise out of the same transaction or occurrence. We are persuaded by the reasoning in Hottner [v. Boeltz. No. 9405 of 1978 (C.P. Allegheny, filed April 11, 1979) ] that such complaints should not be joined because they do not involve a common factual background or common factual or legal questions. The evidence that would establish [the insurer's] obligation to insure is distinct from the evidence that would establish [the owner's] liability.

Id. The Court clearly concluded that "the amendment to Rule 2252(a) does not allow a complaint alleging wrongful denial of coverage under a general policy of insurance to be joined in a liability action. All decisions to the contrary are overruled." Id.

In Genesis, the initial complaint was a cause of action for wrongful denial of insurance coverage, and the insurer sought to join parties whose alleged negligence relieved its obligation to cover the losses incurred by the plaintiff. 490 A.2d at 931. The Pennsylvania Superior Court stated:

> Just as in Stokes, *supra*, where the Court concluded that Rule 2252(a) does not allow a complaint alleging wrongful denial of coverage under a general policy of insurance to be joined in a liability action, we see no reason to permit an insurer defendant to join parties against whom the plaintiffs may have a cause of action in negligence. Nor is such joinder permissible under a theory of possible indemnification or subrogation. The right of subrogation exists only to the extent of actual payment of the subrogee to the insured. Associated Hospital Service v. Pustilnik, 497 Pa. 221, 439 A.2d 1149 (1981).

Id.

Jallad argues that Stokes is inapplicable to this case because the primary issue against Madera is whether Jallad's injuries are considered serious in light of her own insurance policy with Progressive carrying the limited tort option pursuant to Section 1705 of the Pennsylvania Motor Vehicle Financial Responsibility Laws, and the issue of Madera's negligence causing the incident is not primary. (Progressive's Reply Br. at 3.) Jallad states that:

> Should the Plaintiff be successful proving her injuries are serious, there is little dispute the value of same, for a then twenty-five year old woman with no prior injury history who sustained a herniated disc in her low back, would exceed the minimum liability limits of Defendant Madera's policy with Defendant Progressive. Such a finding automatically triggers Plaintiff's right to underinsured motorist benefits pursuant to her policy with Defendant Progressive. Thus, contrary to Stokes, the same evidence would be needed to establish the value of Plaintiff's liability claim against Defendant Madera and her breach of contract claim against Defendant Progressive.
>
> Furthermore, the value of a personal injury claim requires consideration of other existing injuries. Here, as alleged in the Complaint, Defendant Progressive was in possession of nearly one and one-half years of medical records that pre-dated the motor vehicle incident. These records establish the injuries the Plaintiff sustained in the motor vehicle incident giving rise to this action did not exist prior to the incident. This is a basis for the bad faith claim because it establishes Defendant Progressive lacked a reasonable basis for failing and/or refusing to offer any underinsured motorist benefit and knew it lacked a reasonable basis, constituting statutory bad faith. For these reasons, unlike Stokes, Plaintiff's complaints here against both defendants involve a common factual background, as well as common factual and legal questions.

(Id.)

After considering the parties' arguments, we conclude that Stokes does not permit Jallad to bring this singular action against Madera based on a negligence claim regarding the causation of the motor vehicle accident and Progressive for breach of contract and bad faith pertaining to insurance coverage. The Pennsylvania Supreme Court in Stokes made a definitive ruling regarding the issue at hand, and we are required to abide by it. See Mitchell Partners, L.P. v. Irex Corp., 656 F.3d 201, 203 (3d Cir. 2011) ("A byproduct of [diversity] jurisdiction is the requirement that the federal court must apply the law declared by the supreme court of the relevant state.") (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496–97 (1941)).

9

Stokes is directly on point, and still relevant law.  Although we do not have to rely on Genesis, we point out that the Pennsylvania Superior Court relied upon the ruling in Stokes succinctly stating that "the [Stokes] Court concluded that Rule 2252(a) does not allow a complaint alleging wrongful denial of coverage under a general policy of insurance to be joined in a liability action."  Genesis, 490 A.2d at 931.  Jallad attempts to distinguish this case from Stokes; however, we do not see how the facts and issues of our case differ significantly from those in Stokes.

We are bound by the Pennsylvania Supreme Court's ruling in Stokes; therefore, we find that there is no reasonable basis in fact or colorable ground supporting Jallad's joining of the tort claim against Madera with the insurance claims against Progressive.  Finding that Madera was fraudulently joined, we will disregard his citizenship and dismiss him from the lawsuit.  With Madera dismissed from the case, complete diversity remains between Jallad and Progressive, and 28 U.S.C. § 1441(b)(2)'s prohibition against removal where at least one named defendant is a citizen of the forum state is inapplicable because no defendant is a citizen of Pennsylvania.  As such, we deny Jallad's Motion for Remand.[5]  In light of our denial of Jallad's Motion, we also deny her request for costs and fees incurred as a result of Progressive's removal under 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

An appropriate Order follows.

---

[5] Progressive filed a Motion to Sever seeking to sever Jallad's negligence claim against Madera from the claims against Progressive.  (Doc. No. 5.)  In light of our ruling, Progressive's Motion to Sever is denied as moot.  We note that there is a pending Motion to Dismiss filed by Progressive, which will be addressed in the near future.