# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAHAR JALLAD, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 16-4795 |
| PROGRESSIVE ADVANCED INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                     **MAY 18, 2018**

Presently before the Court is Plaintiff Sahar Jallad's ("Jallad") Motion for a New Trial and Defendant Progressive Advanced Insurance Company's ("Progressive") Response in Opposition. For the reasons noted below, Jallad's Motion for a New Trial is dismissed for lack of prosecution.

## I. BACKGROUND

This matter stems from an automobile accident between Jallad and Felix Madera ("Madera"). Sometime after the accident, Jallad's counsel requested that her automobile insurer, Progressive, open a claim for underinsured motorist benefits ("UIM"). Jallad subsequently brought suit in state court against Madera on a negligence theory and against Progressive on claims of breach of contract and bad faith. Progressive removed the matter to this Court, and on November 8, 2016, we dismissed Madera on the basis of fraudulent joinder.[1] (*See* Doc. No. 14.) On September 25, 2017, Progressive filed a Motion for Partial Summary Judgment as to Jallad's claim of bad faith, which we granted on December 11, 2017. (*See* Doc. No. 40.) Therefore, the

---
[1] On May 8, 2018, Jallad filed a Notice of Appeal regarding our November 8, 2016 Order. (*See* Doc. No. 63.)

only claim that remained was breach of contract for Progressive's alleged failure to pay UIM benefits.

The trial commenced on April 9, 2018 and concluded with a verdict in favor of Progressive on April 11, 2018. At trial, the jury heard testimony from Jallad, Dr. Andrew Lipton, and Dr. Randall Smith for purposes of Jallad's case-in-chief. The instant Motion focuses on a question the jury had during their deliberations. The jury asked how Jallad's employment with My Alarm Center (her part-time employer) was terminated, giving examples such as whether she submitted a resignation letter, a doctor's note, or if she simply failed to appear for work. (Pl.'s Mot. New Trial ¶ 7; Def.'s Resp. Opp'n 2.) Jallad asserts that "the Court's instruction to the jury that there was no evidence as to how Plaintiff's employment with My Alarm Center ended was in error, causing an inadequate jury verdict which was against the weight of the evidence." (Pl.'s Mot. New Trial ¶ 10.) She further contends that "it was an error to exclude documentary evidence supporting testimonial evidence concerning how Plaintiff's employment with My Alarm Center ended." (*Id.*)

## II. LEGAL STANDARD

"The court may, on motion, grant a new trial on all or some of the issues--and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Reasons for granting a new trial may include the following: '(1) there is a significant error of law, to the prejudice of the moving party; (2) the verdict is against the weight of the evidence; (3) the size of the verdict is against the weight of the evidence; or (4) counsel engaged in improper conduct that had a prejudicial effect on the jury.'" *Cradle of Liberty Council v. City of Phila.*, 851 F. Supp. 2d 936, 940 (E.D. Pa. 2012) (quoting *Sharrow v. Roy*, No. 08-0068, 2009 WL 3101031, at *1 (M.D. Pa. Sept. 23,

2009)). Determining whether to grant a new trial is within the sound discretion of the trial court. *Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1017 (3d Cir. 1995).

A Rule 59(a)(1)(A) motion on the basis that the verdict was contrary to the weight of the evidence should be granted only when "a miscarriage of justice would result if the verdict were to stand." *Springer v. Henry*, 435 F.3d 268, 274 (3d Cir. 2006) (internal quotation marks omitted); *see also Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 309 n.18 (3d Cir. 2007) ("[N]ew trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience."). This high standard is necessary "to ensure that a district court does not substitute its judgment of the facts and the credibility of the witnesses for that of the jury." *Fineman v. Armstrong World Indus.*, 980 F.2d 171, 211 (3d Cir. 1992) (internal quotation marks omitted).

## III. DISCUSSION

Local Rule of Civil Procedure 7.1(e) provides that

> [w]ithin fourteen (14) days after filing any post-trial motion, the movant shall either (a) order a transcript of the trial by a writing delivered to the Court Reporter Supervisor, or (b) file a verified motion showing good cause to be excused from this requirement. Unless a transcript is thus ordered, or the movant excused from ordering a transcript, the post-trial motion may be dismissed for lack of prosecution.

Local R. Civ. P. 7.1(e). "A number of courts in this District have recognized that post trial motions are subject to dismissal for failure to order a trial transcript based on this local rule." *Graves v. Women's Christian Alliance*, No. 01-5077, 2003 WL 21961390, at *2 (E.D. Pa. July 3, 2003) (citing *Disalvio v. Lower Merion Sch. Dist.*, No. 00-5463, 2002 WL 1335140, at *1 (E.D. Pa. June 17, 2002); *Gause v. City of Phila.*, No. 00-1052, 2001 WL 1251215, at *3 (E.D. Pa.

3

Sept. 27, 2001); *Valver v. Abdullah*, No. 00-1101, 2000 WL 1705772, at *1 (E.D. Pa. Nov. 3, 2000); *Williams v. Rodriguez*, No. 97-4338, 2000 WL 230351, at *1 (E.D. Pa. Feb. 22, 2000); *Leibrand v. K-Mart*, No. 97-4947, 1998 WL 229675, at *1 (E.D. Pa. Apr. 30, 1998)); *see also Schmidt v. Silver*, 89 F.R.D. 519, 520 (E.D. Pa. 1981). Indeed, post-trial motions based on references to the evidence require the transcript so there can be a determination "if there was error and whether any error justifies a new trial." *Schmidt*, 89 F.R.D. at 520; *see also Disalvio*, 2002 WL 1335140, at *1 ("A transcript is necessary when the complained of error concerns the preclusion of evidence."). The transcript is necessary in such a circumstance because "[t]o grant a new trial based on an incomplete record and memory would result in extreme prejudice to [the nonmoving party]." *Id.*

In this case, Jallad has not ordered the trial transcript, nor has she submitted a verified motion showing good cause for being excused from ordering one. She complains that the Court's instruction to the jury that there was no evidence regarding how her employment with My Alarm Center ended was error that "caused an inadequate jury verdict against the weight of the evidence." (Pl.'s Mem. Law Supp. Mot. New Trial 1-2.) Jallad argues she testified that both her doctor at Delaware Valley Community Health and Dr. Lipton restricted her from working at My Alarm Center. (Pl.'s Mot. New Trial ¶ 3.) She further asserts Dr. Lipton testified that he wrote Jallad notes that precluded her from working there. (*Id.* ¶ 5.) Lastly, she makes the conclusory argument that it was error for the Court to "exclude documentary evidence supporting testimonial evidence concerning how Plaintiff's employment with My Alarm Center ended." (*Id.* ¶ 10.)

Jallad's failure to order a transcript of the trial (or filing a verified motion showing good cause to be excused from ordering one) necessitates dismissing her Motion for lack of

4

prosecution. While Local Rule of Civil Procedure 7.1(e) gives the Court discretion in proceeding in such a fashion, the nature of her arguments essentially mandates dismissal. Jallad essentially claims that she and Dr. Lipton testified about work restrictions related to her employment at My Alarm Center. (*See* Pl.'s Mot. New Trial ¶¶ 3, 5.) As a result of this testimony, she complains that the Court's alleged error in failing to instruct the jury accordingly "caus[ed] an inadequate jury verdict which was against the weight of the evidence." (*Id.* ¶ 10.) Of course, her arguments necessarily call into question the evidence in the record based on the witnesses' testimony. In this sense, the trial transcript is required because we cannot evaluate the sufficiency of the evidence based on an incomplete record and memory. *See Graves*, 2003 WL 21961390, at *2 ("[W]e observe that is particularly difficult, if not impossible, to properly evaluate a post-trial motion based on the sufficiency of evidence where the trial transcript [has] not been provided."); *Schmidt*, 89 F.R.D. at 520 ("To grant a new trial based on an incomplete record and memory would result in extreme prejudice to [the nonmoving party].") The arguments set forth in Jallad's Motion are precisely the type that requires the trial transcript because without it, there would be "extreme prejudice to defendant." *Schmidt*, 89 F.R.D. at 520. Accordingly, Jallad's Motion for a New Trial is dismissed for lack of prosecution.[2]

## IV. CONCLUSION

Jallad's Motion for a New Trial is clearly based on testimonial evidence that was supposedly placed in the record during trial. However, she has failed to order the trial transcript or submit a verified motion providing good cause excusing her from doing so as required by our Local Rules of Civil Procedure. Without the trial transcript, the record is incomplete and any

---

[2] To the extent Jallad claims it was error to exclude documentary evidence that supported the testimonial evidence regarding how her employment with My Alarm Center came to an end, she fails to provide any argument or cite a single rule of evidence in support of her position. In fact, her claim of error on this point comes at the very end of her Motion in a single sentence, and her Memorandum of Law does not even mention it. In any event, we fail to see any error, let alone error that allowed for there to be a miscarriage of justice.

5

arguments would be based on memory, resulting in extreme prejudice to Progressive. Accordingly, Jallad's Motion for a New Trial is dismissed for lack of prosecution pursuant to Local Rule of Civil Procedure 7.1(e).

    An appropriate Order follows.