**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SAHAR JALLAD,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO. 16-4795** |
| **FELIX MADERA** | |
| **Defendant.** | |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                    **July 23, 2020**

On September 24, 2014, Plaintiff Sahar Jallad and Defendant Felix Madera were involved in a motor vehicle accident. Plaintiff sued her insurer, Progressive Insurance, and Defendant Madera. In earlier proceedings before the Honorable Robert F. Kelly, Madera was dismissed from the lawsuit as fraudulently joined. The case against Progressive proceeded to trial, and the jury found for Progressive. On appeal, the Third Circuit affirmed the jury verdict, but determined that the claim against Madera should not have been dismissed and remanded the case for further proceedings between Jallad and Madera.[1] Now before the Court is Defendant Madera's Motion for Summary Judgment. For the reasons set forth below, the motion will be granted.

**I.      BACKGROUND**

Although the dispute between Madera and Jallad is straightforward, the procedural history of the case is not. Jallad, a citizen of Massachusetts, sued Madera, a citizen of Pennsylvania, in Pennsylvania state court, claiming negligent operation of a motor vehicle, and

---

[1] The case was reassigned after remand, as Judge Kelly no longer hears cases.

filed a separate state-court action against Progressive, the insurer of both Jallad and Madera, for breach of contract and bad faith.[2]

Progressive, which is incorporated and has its principal place of business in Ohio, removed the action against it to federal court based on diversity jurisdiction.[3] In response, Plaintiff moved to join Madera to her suit with Progressive and have the case remanded back to state court, arguing that joining Madera would destroy diversity.[4] Judge Kelly denied the motion for joinder and remand, holding that under Pennsylvania law Plaintiff could not pursue both the negligence claim against Madera and the insurance claim against Progressive in one lawsuit.[5] In response, Plaintiff dismissed the separate suits against Madera and Progressive and refiled a new single suit against both defendants in state court.[6]

Progressive again removed the case to federal court asserting that Madera was fraudulently joined, and Jallad moved to remand.[7] Judge Kelly denied the motion to remand and dismissed Madera from the suit, holding that Madera had been fraudulently joined because the two claims could not be litigated in the same case.[8]

Plaintiff's case against Progressive for breach of contract—specifically for failure to provide UIM benefits—proceeded to trial.[9] The jury found in favor of Progressive, determining that Jallad did not sustain a "serious impairment of a bodily function" as a result of the motor

---

[2] Although Plaintiff was a citizen of Massachusetts at the time she filed suit, she was a Pennsylvania resident when the relevant insurance policy was purchased and when the accident occurred. Notice of Removal [Doc. No. 1] at 4 n.1. Pennsylvania law therefore governs the substantive issues in the case.

[3] *Jallad v. Madera*, 784 F App'x 89, 91 (3d Cir. 2019).

[4] *Id.* Plaintiff did not dispute, however, that the parties were citizens of different states.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 92.

[8] *Id.*

[9] *Id.* The bad-faith claim had been dismissed at summary judgment.

vehicle accident.[10] Because Judge Kelly had ruled earlier that Plaintiff had elected the limited-tort option under the insurance policy with Progressive—under which consumers, in exchange for a lower premium, generally waive their right to maintain an action for any noneconomic loss except, as relevant here, in the case of a serious injury—the jury's finding barred Jallad from recovering non-economic damages.[11]

Plaintiff appealed.[12] The Third Circuit affirmed in part and reversed in part, upholding the denial of remand and the jury's verdict but agreeing with Plaintiff that the dismissal of Defendant Madera from the suit was in error.[13] Remand had been properly denied because the parties were diverse and Plaintiff had not mentioned, and therefore had waived, reliance on the forum defendant rule.[14] However, fraudulent joinder, which allows a court to assume jurisdiction over a non-diverse defendant and then to dismiss that defendant from the suit, did not apply because the parties were of diverse citizenship, and therefore Madera was improperly dismissed from the case.[15] As a result of the Third Circuit's ruling, Plaintiff's claim against Defendant Madera for negligence is now before the Court. Madera has moved for summary judgment on the negligence claim, arguing that the prior rulings establish as a matter of law that Plaintiff cannot prevail.

---

[10] *See* Verdict Sheet [Doc. No. 59] at 2.

[11] *Jallad v. Progressive Advanced Insurance Co.*, No. 16-4795, 2017 WL 6311648, at *5 (E.D. Pa. Dec. 11, 2017) (citing 75 Pa. C.S. § 1705(d)).

[12] *Jallad*, 784 F. App'x at 93. Plaintiff raised four arguments on appeal, arguing that: (1) the District Court erred in denying her motion to remand and dismissing Madera from the lawsuit on the basis that he was fraudulently joined; (2) the District Court abused its discretion by denying her leave to file an amended complaint; (3) the District Court abused its discretion by denying the admission of Dr. Lipton's records and notes into evidence; and (4) the District Court abused its discretion in its response to the jury's question. *Id.*

[13] *Id.* at 91.

[14] *Id. at 92.* Under the forum defendant rule, a case cannot be removed on the basis of diversity jurisdiction if any defendant is a citizen of the state where the action is filed. 28 U.S.C. § 1441(b)(2).

[15] *Id.* at 94. The Court of Appeals did not address the question of whether the negligence claim and the insurance dispute could have proceeded in the same case. *Id.* at 93–94.

## II.    LEGAL STANDARD

A court will award summary judgment on a claim or part of a claim where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] A fact is "material" if resolving the dispute over the fact "might affect the outcome of the suit under the governing [substantive] law."[17] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[18]

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[19] Further, a court may not weigh the evidence or make credibility determinations.[20] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[21] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[22] This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[23] Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[24]

---

[16] Fed. R. Civ. P. 56(a).

[17] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[18] *Id.*

[19] *Hugh v. Butler Cnty. Family YMBA*, 418 F.3d 265, 267 (3d Cir. 2005).

[20] *Boyle v. Cnty. Of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

[21] *Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986).

[22] *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

[23] *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa 2004) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).

[24] *Winiewski v. Johns-Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

### III.    DISCUSSION

Madera argues that because, in the earlier stages of this case, Judge Kelly held that there was a valid limited tort waiver and a jury determined that Jallad did not suffer a serious injury, Jallad cannot recover non-economic damages (the only damages at issue) and summary judgment is warranted.[25]

Jallad contends that Judge Kelly's ruling that the limited tort waiver was valid is not controlling because Progressive failed to produce a signed notice establishing Plaintiff's actual knowledge of her waiver of unrestricted full tort coverage. However, as Judge Kelly correctly determined, there is a waiver form with a valid electronic signature, and as a signed waiver form presumes a knowing and intelligent waiver, Plaintiff is bound by her election of limited tort coverage.[26]

The only remaining question is whether the jury's determination that Plaintiff did not suffer a serious bodily impairment is binding on Plaintiff in her claim against Madera. Madera argues that both the law of the case doctrine and principles of collateral estoppel preclude Jallad from relitigating the issue now.

First, the law of the case doctrine "directs courts to refrain from re-deciding issues that were resolved earlier in the litigation."[27] The intent behind this doctrine is to "promote finality, consistency, and judicial economy."[28] Here, the earlier proceedings, in which Plaintiff

---

[25] Exhibit 1, Doc. No. 88 at 1.

[26] *Jallad*, 2017 WL 6311648, at *5. Electronic signatures are valid in Pennsylvania. *See* 73 P.S. § 2260.305. The single case that Plaintiff cites as support for the proposition that the waiver is deficient is *Johnson v. Concord Mutual Insurance Co.*, 300 A.2d 61 (Pa. 1973), which was decided before the relevant statute was enacted. *See Gillam v. State Farm Mut. Auto. Ins. Co.*, No. 04-15J, 2005 WL 2176861, at * 5 (W.D. Pa. Sept. 7, 2005) (holding that the court may not "participate in an analysis of whether the insured had 'knowingly and intelligently' waived [underinsured motorist] protection.") (citing *Kline v. Old Guard Ins. Co.*, 820 A.2d 783, 787 (Pa. Super. Ct. 2003)).

[27] *Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997).

[28] *Hamilton v. Leavy*, 322 F.3d 776, 786-87 (3d Cir. 2003).

participated fully, established that both Plaintiff had a limited tort policy with Progressive and that Plaintiff did not sustain a serious bodily impairment.[29] As these determinations apply with equal force to her claim against Madera, under the law of the case, Jallad cannot prevail.

Second, the doctrine of collateral estoppel, also known as issue preclusion, provides that "an issue need and should be judicially determined only once."[30] It applies when "(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question."[31]

The issue—whether Plaintiff suffered a serious impairment of a bodily function—is identical to that determined at the jury trial.[32] The jury specifically determined that Plaintiff did not sustain a serious impairment of a bodily function; the verdict was upheld on appeal and constitutes a valid and final judgment.[33] The issue was fully and fairly litigated by Plaintiff, who presented evidence at trial, including the testimony of two treating physicians.[34] Moreover, the issue of a serious injury was essential to the judgment: Plaintiff could only recover UIM benefits from Progressive if she overcame the limited tort threshold and established that she had suffered such injury.[35] Therefore, Plaintiff is collaterally estopped from raising the issue of whether she

---

[29] *Jallad*, 2017 WL 6311648, at *5; *see also* Doc. No. 98 at 7. Plaintiff did not appeal these determinations.

[30] *In re McMillan*, 579 F.2d 289, 292 (3d Cir. 1978).

[31] *Del. River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 573 n.10 (3d Cir. 2002) (internal citation omitted). *See also In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997) ("Because the prior judgment was rendered by a federal court, we apply federal principles of collateral estoppel.").

[32] Verdict Sheet [Doc. No. 59] at 2 ("Do you find that Plaintiff sustained a serious impairment of a bodily function as a result of the motor vehicle accident? [No.]").

[33] *Id.* at 7.

[34] Doc. No. 88 at 8-9.

[35] *See* 75 Pa. C.S. § 1705(d).

suffered a serious bodily impairment, and because Jallad did not suffer such an injury, there is no basis for recovery against Madera.[36]

## IV.    CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment will be granted. An appropriate Order will be entered.

---

[36] *Id.*